IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM D. ALSBROOKS,

    Plaintiff,

vs.                            Case No. 10-2271-JTM

COLLECTO, INC., d/b/a COLLECTION
COMPANY OF AMERICA,

    Defendant.

MEMORANDUM AND ORDER

The present matter arises on plaintiff's Motion for Default Judgment (Dkt. No. 6), defendant's Motion to Set Aside Clerk's Entry of Default (Dkt. No. 7) and defendant's Motion for Leave to File Answer Out of Time (Dkt. No. 8). For the following reasons the court conditionally denies the plaintiff's motion and grants the defendant 10 days from the date of this Order to provide an adequate justification for its failure to answer on time. The court also grants the plaintiff 7 days from defendant's response to submit a reply.

**Factual Background**

Plaintiff, William D. Alsbrooks, filed the present action on May 10, 2010, against defendant Collecto, Inc., alleging violations of the Fair Debt Collections Practices Act and for defamation. (Dkt. No. 1). Service of process was made on the defendant on May 11, 2010, and the return of service was filed on May 19. The Answer was due on June 1, yet the defendant failed to file an

Answer or request an extension. On June 4, the plaintiff filed an Application for Clerk's Entry of Default and the clerk's entry was made on June 7. (Dkt. Nos. 4 and 5). It was only after the entry of default that the defendant contacted the plaintiff. However, the defendant expressed no intention to file an Answer or desire to set aside the Clerk's Entry of Default. (Dkt. No. 9). The plaintiff initiated settlement negotiations, but the parties never reconciled.

On June 8, plaintiff filed the present Motion for Default Judgement. The defendant responded by opposing the default judgment and by filing a Motion to Set Aside Clerk's Entry of Default and a Motion for Leave to File Answer Out of Time on June 29. (Dkt. Nos. 6 and 7). In its motions the defendant provides no explanation of why it failed to file an answer other than stating, "CCA's in-house counsel, Michael Kraft, did not receive the Complaint with sufficient time to file a timely Answer." (Dkt. No. 8).

The present issues are whether the defendant has established excusable neglect to file its answer out of time and established good cause to set aside clerk's entry of default.

**Analysis**

*I. Defendant's Motion for Leave to File Answer Out of Time and Motion to Set Aside Clerk's Entry of Default*

Under Rule 6 of the Fed. R. Civ. P. the defendant seeks leave to file its answer out of time. The defendant argues that due to excusable neglect it failed to file an answer to plaintiff's complaint before the time for a response had run under Fed. R. Civ. P. 12(a)(1)(A)(I). The defendant also moves to have the clerk's entry of default set aside under Rule 55(c). The pleadings of each party pertaining to all motions necessarily bear on one another and will be considered together by this court.

Fed. R. Civ. P. 6(b)(1)(B) provides in part that: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect*." (emphasis added). Under Rule 55(c), the court may set aside an entry of default for *good cause*. The excusable neglect standard of Rule 6(b) is a higher standard for the defaulting party to meet than the good cause standard of Rule 55(c). *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-CV-2591, 2010 WL 1881058, at *4 (D. Kan. May 10, 2010).[1] This court will first analyze whether the defendant has met the "excusable neglect" standard of Rule 6(b).

"[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The court considers several factors in determining what actions constitute excusable neglect. These factors are: "(1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party." *Scott*, 2010 WL 1881058, at *2 (citing *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. Appx. 789, 798 (10th Cir.

---

[1] The Tenth Circuit analyzes excusable neglect under Rule 6(b) the same as it does under Rule 60(b). *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

2008)).² The reason for the delay in filing the answer is "important, if not the most important, factor in this analysis." *Id.* (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

*A. Prejudice to the Plaintiff*

Defendant argues that plaintiff will not be prejudiced if the court allows it to file an out-of-time answer because defendant contacted the plaintiff shortly after the entry of default was granted. And settlement negotiations have been underway since that time. The plaintiff argues that the Complaint contains allegations of a personal nature including false information reported by the defendant so that each day that passes results in prejudice to the plaintiff. In *Lewis v. Sprint Nextel*, the court found that a delay of approximately one month from the original Answer deadline and the Motion for Leave to File Answer Out of Time was not prejudicial. No. 08-2458-JAR, 2008 WL 5263782, at *2 (D. Kan. Dec. 5, 2008). However, in *Hamilton*, the Tenth Circuit found that a delay of forty-four days, coupled with the extra time and expense necessary to defend a new motion, did constitute prejudice. 302 Fed. Appx. at 800.

Here, neither the plaintiff nor the defendant convincingly argue that it has or has not been prejudiced. Nevertheless, the plaintiff has not been seriously prejudiced because the length of delay was less than one month. This factor weighs in favor of the defendant.

*B. Length of Delay*

---

²Generally, the court considers three factors when determining good cause under Rule 55(c): "(1) whether the default was the result of culpable conduct of the defendant, (2) whether plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995).

4

The original Answer was due on June 1, 2010. The defendant did not file its motion to answer out of time until June 29. The plaintiff does not argue that this delay will seriously impact the judicial proceedings, he merely states that the defendant filed its motion twenty-one days after the clerk's entry of default. Without more, delays of two months have been found to be "relatively innocuous." *Welch v. Centex Home Equity Co., L.L.C.*, No. 03-2132-JWL-DJW, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004). Because the defendant's delay was only twenty-eight days, this factor weighs in the defendant's favor.

*C. Reason for the Delay*

The reason for delay is often the decisive factor in determining excusable neglect. *Torres*, 372 F.3d at 1163. Additionally, a party must allege specific facts to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005); *see also Potter v. Health Care Auth.,* No. 03-1326-WEB, 2006 WL 580986, at *4-6 (D. Kan. Mar. 8, 2006) (holding that plaintiff had failed to allege a specific or convincing explanation to establish excusable neglect). The Tenth Circuit holds that, "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Scott*, 2010 WL 1881058, at * 3 (citing *Quigley*, 427 F.3d at 1238). However, inadvertent delays in filing may qualify as excusable neglect in certain situations. *See Griffin v. Suthers*, 156 Fed. Appx. 66, 72 (10th Cir. 2006) (citing *Pioneer*, 507 U.S. at 391-92). Excusable neglect is an elastic standard that is not limited to actions outside the control of the moving party. *Pioneer*, 507 U.S. at 392.

This district has provided several recent examples of what constitutes excusable neglect. *See Espy v. Mformation Techs.*, No. 08-2211-EFM, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009)

5

(providing a list of cases). Excusable neglect did exist in *Mohankumar v. Dunn*, when the lawyer's support staff made a clerical error in recording the due date. No. CIV. A. 97-1555-WEB, 1999 WL 1253053, at *1 (D. Kan. Dec. 22, 1999). Similarly, the court found excusable neglect when there was a miscommunication within the attorney's office about the due date coupled with the attorney's unfamiliarity with the local rules. *White v. O'Dell Indus., Inc.*, No. 99-2315-JWL, 2000 WL 127267, at *2 (D. Kan. Jan. 14, 2000).

But, courts have refused to find excusable neglect when the mistake was caused by a failure to read the rules or a lawyer's error in interpreting the rules. *See City of Shawnee, Kan. v. Argonaut Ins. Co.*, No. 06-2389-GLR, 2008 WL 2699906, at *4 (D. Kan. Jul. 2, 2008) (misinterpretation of rules); *Thomas v. Bd. of Educ.*, Unified Sch. Dist. #501, 177 F.R.D. 488, 490-91 (D. Kan. 1997) (failure to read rules). Similarly, excusable neglect does not exist merely because counsel disregarded the deadline because of a heavy caseload. *Ghamrawi v. Case & Assocs. Props. Inc.*, 116 Fed. Appx. 206, 210 (10th Cir. 2004); *Almond v. Unified Sch. Dist. # 501*, No. 07-4064-JAR, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008). Further, missing a deadline because of a tactical decision does not constitute excusable neglect. *Lewis v. Herrman's Excavating, Inc.*, 200 F.R.D. 657, 660 (D. Kan. 2001).

In this case, the defendant provides no specific justification for its failure to file an answer on time other than stating "in-house counsel, Michael Kraft, did not receive the Complaint with sufficient time to file a timely Answer." (Dkt. No. 8). Generally, the Tenth Circuit requires a more definite explanation before a party can establish excusable neglect; however, defendant's reason for the delay is not completely outside the realm of excusable neglect. Defendant has shown at least a bare justification for its failure to answer on time. Additionally, it does not appear that defendant's

failure to answer on time was due to any error in interpreting the rules or total disregard of the deadline because of counsel's heavy case load, either of which would constitute a failure to establish excusable neglect. However, the defendant did not provide enough facts for this court to evaluate this factor.

*D. Good Faith*

Finally, the last factor is whether the movant acted in good faith. No evidence exists to suggest that the defendant moved for leave to file its answer out of time in bad faith or that it failed to file an answer in bad faith. Absent a finding of good or bad faith, this factor is neutral. *See Maberry v. Said*, 1996 WL 442046, at *3 (D. Kan. 1996).

An analysis of the previous factors shows that the defendant's delay did not prejudice the plaintiff and that the defendant has offered at least a bare justification for its failure to answer on time. However, the court finds that the defendant needs to provide a more detailed justification for its failure to answer before this court will grant its Motion for Leave to File Answer Out of Time or its Motion to Set Aside Clerk's Entry of Default. Therefore, this court grants the defendant 10 days from the date of this Order to provide a more detailed justification for its failure to answer on time. The court also grants the plaintiff 7 days from the defendant's response to file a reply. If the defendant provides a sufficient justification, this court will grant its Motion for Leave to File Answer Out of Time and its Motion to Set Aside Clerk's Entry of Default. If the defendant fails to provide an adequate justification, this court will grant the plaintiff's Motion for Default Judgment.

*II. Motion for Default Judgement*

Because the "excusable neglect" standard of Rule 6(b) is a higher standard to meet than the "good cause" standard of Rule 55(c), this court will not grant the plaintiff's Motion for Default Judgment unless the defendant fails to provide an adequate reason for its delay. Therefore, plaintiff's motion is denied pending defendant's response to this Order.

As a final thought, the court has taken this course only because a default judgment is a significant step in any litigation. Defaults are not favored. *Katzson Bros., Inc. V. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988). Yet there are sound policy reasons for allowing defaults, one of which is to promote expeditious resolutions of disputes. Defendant has failed to present any reason for not filing a timely answer, even after entering into settlement discussions and, absent a reasonable excuse for not doing so, the court will enter a default judgment and hear evidence regarding damages. When a court condones a party's disregard for the rules without a valid excuse, the court undermines faith in the system's adherence to its own rules.

IT IS ACCORDINGLY ORDERED this 15th day of October 2010, that defendant provide a more specific justification for its failure to answer on time within 10 days of this Order. Further the court gives plaintiff 7 days from the date of defendant's response to file a reply. If the defendant provides an adequate justification by this date, the court will grant its Motion to Set Aside Clerk's Entry of Default and Motion for Leave to File Answer Out of Time (Dkt. Nos. 7 and 8). If defendant fails to provide such a justification, the court will grant the plaintiff's Motion for Default Judgment (Dkt. No. 6).

                                                      s/ J. Thomas Marten
                                                      J. THOMAS MARTEN, JUDGE