IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM D. ALSBROOKS,

    Plaintiff,

vs.                              Case No. 10-2271-JTM

COLLECTO, INC., d/b/a COLLECTION
COMPANY OF AMERICA,

    Defendant.

MEMORANDUM AND ORDER

    On October 15, 2010, this court issued an Order granting defendant 10 days to provide a more specific justification for its failure to answer on time and also gave plaintiff seven days to respond. After reviewing the parties' arguments, this court denies defendant's Motion to Set Aside Clerk's Entry of Default and Motion for Leave to File Answer Out of Time (Dkt. Nos. 7 and 8) and grants plaintiff's Motion for Default Judgment (Dkt. No. 6).

    Pursuant to this court's Order, defendant did provide a further justification for its failure to answer on time. Although there appears to be some conflicting reasons for the delay, defendant's excuse essentially boils down to two things: (1) defendant's system of receiving and answering complaints requires multiple departments and individuals and once counsel received this Complaint it was misplaced due to carelessness and not addressed until after the answer deadline had passed; and (2) "CCA's [defendant's] excusable neglect in not immediately filing a Motion to Answer Out of Time and a Motion to Set Aside the Clerk's Entry of Default was due

to the parties' belief that settlement was imminent." (Dkt. No. 17, para. 32). From this, the court gleans that defendant's carelessness caused it not to act on the Complaint until after the Answer was due and once it learned the Answer was due, it delayed filing an answer because of possible settlement negotiations.[1]

Defendant's initial failure to file an Answer may have been due to carelessness, but this court finds that defendant primarily failed to file because it believed settlement was imminent. While this court certainly does not discourage settlement negotiations, efforts at potential settlement do not remove a party's obligation to follow the Rules of Civil Procedure. *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (upholding a default judgment and stating "a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure."). This district has explicitly held that a party's decision to pursue settlement in lieu of filing a responsive pleading does not constitute excusable neglect. *Nolan v. Underwriters at Lloyd's, London*, 190 F.R.D. 578, 581-82 (D. Kan. 1999). Further, defendant's choice not to answer, even after it became aware that the deadline had passed, was a tactical decision. Missing a deadline because of a tactical decision does not constitute excusable neglect. *Lewis v. Herrman's Excavating, Inc.*, 200 F.R.D. 657, 660 (D. Kan. 2001); *see Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("Generally speaking, a party who takes deliberate action with negative

---

[1]There is some dispute about whether defense counsel knew the Answer was late before he contacted plaintiff's counsel on June 8, 2010, or whether he learned the deadline had passed after he contacted plaintiff's counsel. This court finds that a determination of this issue does not change the result of this case.

consequences . . . will not be relieved of the consequences by [Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate.").

As the court stated in its previous Order, when a court condones a party's disregard for the rules without a valid excuse, the court undermines faith in the system's adherence to its own rules. Defendant's vague assertion of carelessness, coupled with its tactical decision to pursue settlement instead of filing an answer, does not constitute excusable neglect. Because defendant failed to establish excusable neglect, this court will not bend the rules for defendant's benefit; therefore, the court denies defendant's motions and grants plaintiff's motion.

IT IS ACCORDINGLY ORDERED this 2nd day of December 2010, that defendant's Motion to Set Aside Clerk's Entry of Default and Motion for Leave to File Answer Out of Time (Dkt. Nos. 7 and 8) are denied. Therefore, this court grants plaintiff's Motion for Default Judgment (Dkt. No. 6). This court also orders a hearing on the issue of damages, the date of which will be determined subsequent to this Order.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE